135 P.3d 761

**Edward POWELL, Plaintiff–Respondent,**

v.

**Kathleen POWELL, Defendant–Appellant.**

**No. 32172.**

Supreme Court of Idaho,
Boise, March 2006 Term.

April 21, 2006.

---

Kathleen Powell, pro se, appellant.

Edward Powell, pro se, respondent.

EISMANN, Justice.

In this case a judgment creditor attempted to enforce a judgment by executing upon a motor vehicle owned by the judgment debtor. The judgment debtor claimed a $3,000 exemption upon the vehicle. The magistrate found that the value of the vehicle was less than the exemption and ordered it released to the judgment debtor. The magistrate also ordered that the sheriff's fees in connection with the execution be added to the amount of the judgment. The judgment debtor appealed, contending that the sheriff's fees should not have been added to the judgment and that she should have been awarded the costs of obtaining alternate transportation during the time that the sheriff had possession of her vehicle. We affirm the magistrate's order.

## I. FACTS AND PROCEDURAL HISTORY

On January 15, 2002, Edward Powell filed an action in the Small Claims Department of the Magistrate Division of the District Court against his ex-wife Kathleen Powell. On February 19, 2002, he obtained a judgment against her in the sum of $1,066.87. Kathleen appealed, and the case was tried *de novo* in the Magistrate Division of the District Court. That resulted in a judgment entered on April 16, 2002, in Edward's favor in the sum of $1,390.38. Neither party appealed that judgment.

On April 3, 2003, Edward sought to collect on his judgment by having the sheriff execute upon Kathleen's 1989 Jeep Cherokee. On April 30, the sheriff seized the Jeep and placed it in storage. The following day, Kathleen claimed the $3000 exemption in the Jeep provided by Idaho Code § 11–605(3). Edward contested the exemption pursuant to Idaho Code § 11–203.

The hearing on Edward's objection to the exemption was held on May 19, 2003. At the hearing, the magistrate judge informed Edward that he would not recover any money on his judgment unless the sheriff could sell the Jeep for over $3,490. That sum was the total of Kathleen's $3000 exemption and the sheriff's fees for towing and storing the Jeep. Edward then decided not to proceed with attempting to execute upon the Jeep. The magistrate entered an order immediately releasing the Jeep to Kathleen; requiring Edward to pay the sheriff's fees, including storage through May 20, 2003;[2] and adding the fees paid by Edward to his judgment against Kathleen. The total sheriff's fees added to the judgment were $530.00.

In a memorandum of law filed on May 19, 2003, Kathleen argued, among other things, that Edward should be required to pay her transportation costs during the period that the Jeep was in the possession of the sheriff. At the hearing, she did not offer any evidence of the amount of those costs, and the magistrate did not address that issue. Kathleen did argue, however, that the sheriff's

fees should not be added to the amount of Edward's judgment because Edward should not have executed upon the Jeep. The magistrate held that Edward had not acted in bad faith and ordered that the sheriff's fees be added to the judgment.

■ Kathleen then appealed to the district judge division of the district court. On March 11, 2004, the district judge affirmed the magistrate. Kathleen again appealed, and the appeal was initially heard by the Idaho Court of Appeals. On March 24, 2005, it issued an opinion holding that the sheriff's storage fees incurred after Edward filed his motion to contest Kathleen's claim of exemption should not be added to Edward's judgment against Kathleen. She then filed a petition asking us to review the opinion of the Court of Appeals, and we granted the petition for review. In cases that come before this Court on a petition for review of an opinion from the Court of Appeals, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court. *Head v. State,* 137 Idaho 1, 43 P.3d 760 (2002).

## II. ISSUES ON APPEAL

1. Did the magistrate judge err in adding the sheriff's fees and costs to the judgment against Kathleen?
2. Did the magistrate judge err in failing to give Kathleen an opportunity to present proof of the costs she incurred in obtaining alternate transportation?
3. Did the magistrate judge err in finding that Edward did not act in bad faith when he sought to execute upon Kathleen's Jeep?

## III. ANALYSIS

**A. Did the Magistrate Judge Err in Adding the Sheriff's Fees and Costs to the Judgment Against Kathleen?**

■ Kathleen contends that the sheriff's fees and costs in executing upon her Jeep should not have been added to Edward's

---

2. The magistrate ordered Edward to pay the sheriff's storage fees through May 20, 2003, apparently because the lateness of the time of day made it unlikely that Kathleen would be able to obtain possession of the Jeep until the following day.

judgment against her because the Jeep was exempt property. Idaho Code § 11–605 grants exemptions from execution for various classifications of property, including "one (1) motor vehicle to the extent of a value not exceeding three thousand dollars ($3,000)." After the sheriff levied on the Jeep, Kathleen delivered a claim of exemption to the sheriff. She attached to the claim copies of two estimates regarding the value of the Jeep. One estimate from www.NADAguides.com stated that the value ranged from $2,900 to $4,750, depending upon the condition of the Jeep. The other estimate from www.kbb.com (Kelly Blue Book) placed the retail value of the Jeep at $4,445, assuming it had been fully reconditioned. At the hearing on Edward's objection to the claim of exemption, Kathleen contended that the Jeep was worth less than $500 because of its condition. Edward contended it was worth $4,000, but he had not seen the Jeep for some time and did not know about its current condition. The magistrate found that the value of the Jeep was less than $3,000, the amount of the claimed exemption.[3] Because its value was less than the $3,000 exemption claimed by Kathleen, the Jeep was exempt property.

Rule 54(d)(1)(F) of the Idaho Rules of Civil Procedure[4] provides, "All ... fees for the service of the writ of execution upon a judgment shall be deemed automatically added to the judgment as costs and collected by the sheriff in addition to the amount of the judgment and other allowed costs." Under that Rule, the sheriff's fees are to be added to the judgment. The Rule does not provide for any exceptions.

Idaho Code § 11–203(b) does provide for the awarding of costs to the prevailing party on a motion to contest a claimed exemption. It states, "The prevailing party at the hearing [on the motion contesting a claim of exemption] may be awarded costs pursuant to the Idaho rules of civil procedure." The sheriff's fees for the service of a writ of execution, however, are not "costs pursuant to the Idaho rules of civil procedure" that would be awarded to a prevailing party. Rule 54(d)(1)(C) lists the items of costs allowed as a matter of right to a prevailing party under the rules of civil procedure, and the sheriff's fees are not listed.[5] Although Rule 54(d)(1)(F) treats the sheriff's fees as costs automatically added to a judgment, the Rule does not provide that they are costs awardable to the prevailing party. The magistrate did not err in ordering that the sheriff's fees be added to Edward's judgment against Kathleen.

**B. Did the Magistrate Judge Err in Failing to Give Kathleen an Opportunity to Present Proof of the Costs She Incurred in Obtaining Alternate Transportation?**

Kathleen contends that the magistrate erred in failing to give her an opportunity to present proof of the costs she incurred in obtaining alternate transportation while the sheriff had possession of the Jeep. She asks that the case be remanded to give her an opportunity to offer evidence of such costs. In her memorandum of law filed on the day of the hearing, she did state, among other things, that she should be awarded those costs. She did not present any evidence regarding those costs, however, and does not point to any place in the record where the magistrate allegedly refused to permit her to do so. She also has not cited any authority that would support awarding her that sum as the prevailing party on a motion contesting her claimed exemption in the Jeep. As the prevailing party, she was entitled to recover "costs pursuant to the

---

3. After the magistrate informed Edward that he would not recover any money unless the Jeep sold for enough to pay the sheriff's. fees and Kathleen's $3,000 exemption, Edward agreed not to go forward with the sheriff's sale and to have the Jeep released to Kathleen. She insisted upon offering evidence regarding the value of the Jeep in an attempt to keep the sheriff's fees from being added to the judgment against her.

4. Rule 81(j) applies to execution upon a judgment entered in small claims court. Because Edward's judgment against Kathleen resulted from a trial *de novo* in the Magistrate Division of the District Court, it was not a judgment entered in the small claims court and Rule 81(j) does not apply.

5. Kathleen does not contend that the sheriff's fees could be discretionary costs awardable to the prevailing party under Rule 54(d)(1)(D).

Idaho rules of civil procedure." I.C. § 11–203(b). Rule 54(d)(1) lists the items of costs allowed under the rules of civil procedure, and the cost of obtaining alternate transportation is not listed. Even if the magistrate had failed to give Kathleen an opportunity to present evidence as to the amount of such costs, any such error would have been harmless because it was not a cost she was entitled to recover.

## C. Did the Magistrate Judge Err in Finding that Edward Did Not Act in Bad Faith When He Sought to Execute upon Kathleen's Jeep?

■ The magistrate ruled that the sheriff's fees were to be added to Edward's judgment against Kathleen as long as he did not act in bad faith in executing upon the Jeep. The magistrate found that Edward had not acted in bad faith because he reasonably believed that the value of the Jeep could exceed $3,000.

Kathleen first contends that whether or not Edward acted in bad faith should be irrelevant. She argues that a judgment creditor's negligence in estimating that the value of the judgment debtor's vehicle exceeds $3,000 should be the appropriate standard for deciding whether the sheriff's fees are added to the judgment. She cites no authority for that proposition. Kathleen then argues that if the judgment debtor's bad faith in executing upon property is the appropriate standard, the magistrate erred in finding that Edward did not act in bad faith. Neither Kathleen nor Edward has cited any authority holding that bad faith is the appropriate standard.[6]

Idaho Code § 11–203(d) does provide a standard for denying recovery of the sheriff's fees to the judgment creditor. It provides that the judgment creditor cannot recover those fees if he or she executes a second time on exempt property and the property is not applied to satisfaction of the judgment.[7] There is no contention that Edward had previously had the sheriff levy upon the Jeep. Therefore, Kathleen has not shown that the magistrate erred in ordering that the sheriff's fees be added to Edward's judgment against her.

## IV. CONCLUSION

The order of the magistrate judge is affirmed. Costs on appeal are awarded to the respondent.

Chief Justice SCHROEDER and Justices TROUT, BURDICK and JONES concur.

6. The magistrate's basis for the "bad faith" standard is not clear. Rule 54(d)(1)(C) of the Idaho Rules of Civil Procedure provides that a court can disallow costs listed in that subsection if they "were not reasonably incurred; were incurred for the purpose of harassment; were incurred in bad faith, or were incurred for the purpose of increasing the costs to any other party." Sheriff's fees incurred in serving a writ of execution are not among the costs listed in Rule 54(d)(1)(C), however.

7. Idaho Code § 11–203(d) provides:
   If a plaintiff or other person in whose favor the execution runs has failed to contest a claim of exemption within the time allowed by this section or if property has been determined by a court to be exempt, and the plaintiff or other person in whose favor the execution runs thereafter levies upon or otherwise seeks to apply the property toward the satisfaction of the same money judgment, the plaintiff or other person in whose favor the execution runs is not entitled to recover the subsequent costs of collection unless the property is applied to satisfaction of the judgment.